

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN      AUSTIN 11, TEXAS

JOHN ████████████
████████████████

Hon. E. L. Shelton      Opinion No. 0-5053
County Auditor      Re:   Should the county auditor
Johnson County      approve the salary warrants of
Cleburne, Texas      county officials under the facts
                  stated?

Dear Sir:

      Your letter of January 12, 1943, requesting the
opinion of this department on the question stated therein
reads in part as follows:

      "When the County budget was prepared and
approved on October 10, 1942 covering the year
1943 certain officials salaries were set in the
budget at certain amounts. When the day of set-
ting salaries for officers as provided by the
Officers' Salary Bill, on the first regular
meeting day in January 1943 some of these sala-
ries were set in excess of the approved budget.
Is this permissible and must the County Auditor
approve the salaries set in January at the
amounts in excess of the approved budget?

      ". . . ."

      Your letter of January 15, 1943, supplementing your
letter of January 12, 1943, is in part as follows:

      "I wish to thank you very much for your prompt
reply to my letter of 12th inst., enclosing copies
of Opinions Nos. 0-07 and 0-327 but I do not think
that these opinions cover the particular case under
consideration. Probably I should have been more
explicit.

      "To give you a better understanding of the
situation; on August 28, 1942 the Commissioners'
Court had a hearing and adopted the budget for the
year 1943. The court that adopted this budget is
the same new court with the exception of one commis-
sioner, and they are aware of the prevailing condi-
tions. They set the budget for three of the elected
officials then as follows: one for $3,000.00, one

for $3,230.00 and one for $1,800.00.  When they
met on January 11th this year, without any no-
tice whatever they raised these three salaries,
two to the maximum for Johnson County and one an
additional $200.00.

"In your opinions you quote the law as to
grave emergencies the budget can be amended.  You
can readily see that this does not apply to the
salary of any deputy and besides it occurs to us
that there is no grave emergency, this could have
all be ascertained at the time of adopting the
budget and had it been done then we would not have
raised the question.

"In addition to the emergency clause, there
are not sufficient funds to meet the payments of
increase.  Just this last year the fund carried a
deficit of $4,384.33 and in no prior year has the
fund been less than $5,000.00 in the red at the
end of the year which has been supplemented each
year by transfer from the General Fund of the
County.

"The offices under consideration, two, the
County Judge and the County Clerk.  Not until last
year have these two offices ever paid their way
but owing to the excessive demand for delayed birth
certificates each office received approximately
$2,000.00 additional fees this past year but this
has about reached the saturation point and when it
does this additional fees will cease.

"If this information is not sufficient we shall
be glad to furnish more but we believe this will
enable you to better understand the situation and
our position.

    " . . . .

    "P.S.
    "I understand the Court is meeting today to
amend the budget to take care of this previous ac-
tion."

Johnson County has a population of 30,361 inhabitants
according to the 1940 Federal Census, therefore, the county of-
ficials of said county must be compensated on an annual salary
basis as required by Section 13 of Article 3912e Vernon's Anno-
tated Civil Statutes.

Section 13 of Article 3912e, supra, fixed the salary of each county official named therein in the class of counties in which Johnson County falls, at not less than the total sum earned by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing on August 24, 1935.  (See the cases of Nacogdoches County v. Winder, 140 S.W. (2) 972 and Nacogdoches County v. Jinkins, 140 S.W. (2) 901).

It is the duty of the commissioners' court, under the salary law, to fix the annual salaries of the county officials in their respective counties, within the statutory limits, at their first regular meeting in January.  The county budget is prepared prior to the time when the salaries of the county officials are fixed.  The budget law  (Article 689a-11, Vernon's Annotated Civil Statutes) requires the county judge after the adoption of the county budget and prior to October 15th of each year, to file with the State Comptroller at Austin, Texas, a true and correct summarized statement of the adopted budget showing the total amount adopted for each of the several divisions of the county's activities and outstanding obligations and other things as mentioned in said statute.  However, this statute (Article 689a-11, supra) does not authorize the commissioners' court to fix the salaries of the county officials.  County officials who are compensated on an annual salary basis under the salary law are paid out of the Officers' Salary Fund.  Paragraph (b), Section 6, Article 3912e, Vernon's Annotated Civil Statutes, authorizes the commissioners' court to transfer from the general fund of the county to the Officers' Salary Fund or Funds of such county, such funds as may be necessary to pay the salaries and other claims chargeable against the same when the moneys deposited therein are insufficient to meet the claims payable therefrom.

It is our opinion that in preparing the county budget the commissioners' court should anticipate, if possible, the amount that the Officers' Salary Fund would have to be supplemented from the General Fund, if any, and make provisions therefor in the budget.  However, the moneys deposited in the Officers' Salary Fund as required by the salary law may be sufficient to pay or meet all claims payable therefrom.  If this be true, then it would be unnecessary to supplement the Officers' Salary Fund from the General Fund.  As it is the duty of the commissioners' court, as above stated, to fix the salaries of the county officials at its first meeting in January, if at this time, the annual salaries of the county officials are fixed within the statutory limits, you should approve the salary warrant despite the budget provisions fixed by the court.

We enclose herewith the copy of the minutes of the commissioners' court enclosed with your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams, Assistant

APPROVED FEB 2, 1943
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:          BWB, Chairman

AW:mp:wb
Encl.